# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHONDA BAILEY, as guardian ad litem to S.M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE HOMLES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-0767-DAD- JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

　　　　LaShonda Bailey filed a complaint on behalf of her daughter S.M., who is a minor. (Doc. 1) On June 6, 2019, the Court noted a guardian ad litem is necessary in this action, because "the claims of S.M. may only be brought 'by a next friend or a guardian ad litem.'" (Doc. 4 at 2, citing See Fed. R. Civ. P. 17(c)(2)) Despite the manner in which Ms. Bailey captioned the case, she has not petitioned or been appointed as the child's guardian ad litem had been filed.  The mere fact that Ms. Bailey is the child's mother, does not entitle her to prosecute civil cases until she is appointed by the Court as the guardian ad litem.

　　　　Therefore, the Court ordered Plaintiff to "file a motion for Ms. Bailey to be appointed as guardian ad litem for minor plaintiff S.M. no later than June 26, 2019." (*Id.* at 2, emphasis omitted) To date, Plaintiff has not filed a petition or taken any other action to respond to the Court's order or prosecute the case.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 14 days,** Ms. Bailey is **ORDERED** to show cause why the action should not be dismissed for her failure comply with the Court's order and her failure to prosecute this action. Alternatively, **within 14 days,** she may file a petition for the appointment of a guardian ad litem.

IT IS SO ORDERED.

Dated: **July 1, 2019**            **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE