# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHONDA BAILEY, as guardian ad litem to S.M., <br><br> Plaintiff, <br><br> v. <br><br> STEVE HOLMES, et al. <br><br> Defendants. | Case No.: 1:19-cv-0767 -DAD-JLT <br><br> FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

LaShonda Bailey filed a complaint on behalf of her daughter S.M., who is a minor, asserting S.M. has suffered violations of her civil rights under the Fourteenth Amendment and 42 U.S.C. § 1981. (Doc. 1) Because S.M. has failed to comply with the Court's orders seek appointment of a guardian ad litem to prosecute her claims, it is recommended the action be **DISMISSED** without prejudice.

## I.     Relevant Background

Ms. Bailey filed a complaint on behalf of S.M. on May 31, 2019. (Doc. 1) At that time, Ms. Bailey indicate she is the mother of S.M. and would proceed as her guardian ad litem in the action. (*Id.* at 1) The Court noted that pursuant to Local Rule 202:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

1

(Doc. 4 at 1, citing Local Rule 202; *see also* Fed. R. Civ. P. 17(c)). Because the claims of S.M. may only be brought "by a next friend or a guardian ad litem," the Court observe red that a guardian must be appointed to protect her interests. (*Id.*, citing Fed. R. Civ. P. 17(c)(2)). Therefore, the Court ordered Plaintiff to file a motion for appointment of a guardian ad litem no later than June 26, 2019. (*Id.* at 2) However, Plaintiff failed to file a petition or otherwise respond to the Court's order.

On July 1, 2019, the Court issued a second order regarding the need for a guardian ad litem, explaining "the mere fact that Ms. Bailey is the child's mother, does not entitle her to prosecute civil cases until she is appointed by the Court as the guardian ad litem." (Doc. 5 at 1) Ms. Bailey was ordered "to show cause why the action should not be dismissed for her failure comply with the Court's order and her failure to prosecute this action." (*Id.* at 2) In the alternative, she was again directed to "file a petition for the appointment of a guardian ad litem" within fourteen days. (*Id.*) To date, no petition has been filed, and no other action has been taken to prosecute the claims of S.M.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the failure to seek appointment of a guardian ad litem to continue the prosecution of S.M.'s claims and failure to comply with the Court's orders. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to further the prosecution of the action, despite being ordered by the Court to seek appointment of a guardian ad litem. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order."

3

*Malone*, 833 F.2d at 133.

The Court warned Plaintiff that "[a] court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (Doc. 5 at 2, citing *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1424) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders to seek appointment of a guardian ad litem, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Findings and Recommendations

Plaintiff failed to comply with the Court's orders dated June 6, 2019 (Doc. 4) and July 1, 2019 (Doc. 5). In addition, due to her failure to seek appointment of a guardian ad litem, she is unable to prosecute her claims. *See* Fed Fed. R. Civ. P. 17(c)(2). Based upon the foregoing, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice; and
2. The Clerk of Court be **DIRECTED** to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiffs may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**July 28, 2019**__                 __**/s/ Jennifer L. Thurston**__
                                                         UNITED STATES MAGISTRATE JUDGE